# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORE CONSTRUCTION SERVICES**
**SOUTHEAST, INC.,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-1790-Orl-31KRS**

**CRUM & FORSTER SPECIALTY**
**INSURANCE COMPANY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S MOTION TO TAX COSTS (Doc. No. 86)**
>
> **FILED:** **December 18, 2015**

## I. PROCEDURAL HISTORY.

The Court granted a motion for summary judgment in favor of Defendant, Crum & Forster Specialty Insurance Company ("Crum & Forster"), and denied a motion for summary judgment filed by Plaintiff, Core Construction Services Southeast, Inc. ("Core"), on December 7, 2015.  Doc. No. 83.  Thereafter, Crum & Forster filed the above-referenced motion supported by a Bill of Costs and other documents.  Doc. Nos. 86, 86-1, 86-2, 86-3.  Core filed an opposition to the motion.  Doc. No. 87.  With leave of Court, Crum & Forster filed a reply memorandum in which it conceded some of the objections raised by Core.  Doc. No. 91.

The motion has been referred to me for a Report and Recommendation. It is ripe for resolution.

## II. ANALYSIS.

There is no dispute in this case that Crum & Forster is the prevailing party entitled to an award of taxable costs. The Court may only award costs authorized by statute, in this case 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (11th Cir. 1987). I will address the categories of taxable costs sought as enumerated in § 1920 in turn.

### A. *Fees For Service Of Summons And Subpoena.*

Section 1920(1) permits taxation of fees of the Clerk or Marshal. Crum & Forster seeks $105.00 in fees for service of subpoenas. Doc. No. 86-1, at 1. Crum & Forster presented an invoice showing that it incurred $60.00 in private service of process costs to serve a subpoena on the Chief Financial Officer of the State of Florida as the registered agent of Travelers Property Casualty Co. of America ("Travelers"), a nonparty, for the purpose of obtaining billing records from Travelers. *Id.* at 4; Doc. No. 86, at 3. It also paid a $15.00 processing fee required by the State of Florida. Doc. No. 86-1, at 4. Crum & Forster presented a second invoice showing that it incurred $30.00 in private service of process costs to serve a subpoena on Gerard A. Tuzzio, Esq., who was deposed in this case. *Id.* at 5; Doc. No. 86, at 3.

Core does not object to the fee to serve the subpoena on Mr. Tuzzio. It does object to the fees to serve a subpoena on Travelers, contending that these fees exceed those authorized by statute.

"[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921." *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921 provides that the Court may tax as costs fees charged by the United States Marshals Service to serve a subpoena on a witness, which fees are prescribed

by regulation. 28 U.S.C. § 1921(a)(1)(B), (b). As of October 30, 2013, the pertinent regulation, 28 C.F.R. § 0.114(a)(3), provides for service of process executed by the Marshals Service to be charged at $65.00 per hour (or portion thereof) and any other out-of-pocket expenses. The invoice reflects that service of the subpoena on Travelers was made on June 4, 2015. Therefore, $60.00 for the service fee was within the amount permitted by § 1921.

Core also argues that the $15.00 processing fee charged by the State of Florida is not authorized as a taxable cost. The Chief Financial Officer of Florida is the registered agent for service of subpoenas on insurance companies in Florida. Fla. Stat. § 624.422. In order for the Chief Financial Officer to serve a subpoena or other process on an insurance company, such as Travelers, Florida law requires the payment of a $15.00 fee. Fla. Stat. § 624.502. Because the $15.00 fee shown on the invoice for service of a subpoena to Travelers was required by law, I recommend that the Court find that it is an "other out-of-pocket" expense that is taxable under § 1920.

Therefore, I recommend that Court find that $105.00 in fees for service of subpoenas are a taxable cost.

*B.   Fees For Printed Or Electronically Recorded Transcripts Necessarily Obtained For Use In The Case.*

Section 1920(2) permits taxation of the fees for transcripts necessarily obtained for use in the case. Crum & Forster seeks $1,732.69 in costs in this category as follows:

- $1,074.00 for the deposition of Agnes Reiss, Doc. No. 86-1, at 7;

- $539.94 for the deposition of John Wiseman, *id.* at 8; and,

- $118.75 for the deposition of Attorney Tuzzio, *id.* at 10.

Taxation of deposition costs is authorized by § 1920(2). *W&O, Inc.*, 213 F.3d at 620 (citing *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). "The question of whether the costs

for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id.* at 620-21. "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *Id.* (quoting *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)) (internal quotation marks omitted).

1. Deposition of Ms. Reiss.

Ms. Reiss was Crum & Forster's designated representative pursuant to Federal Rule of Civil Procedure 30(b)(6). In its reply to the motion, Crum & Forster concedes that the amount it sought connected with Ms. Reiss's deposition mistakenly included costs associated with a deposition of Ms. Reiss in an unrelated case. Doc. No. 91, at 4. Crum & Forster also withdraws costs associated with obtaining digital transcripts. *Id.* Accordingly, it now seeks the fee for the transcript of Ms. Reiss's deposition ($399.60) and the costs for one exhibit ($0.50), for a total of $400.10.

The cost of the deposition transcript is taxable if the deposition was necessarily obtained for use in the case. Core argues that Ms. Reiss's deposition was not necessarily obtained for use in the case because Crum & Forster did not rely on the deposition in support of its summary judgment arguments. However, Core listed a corporate representative of Crum & Forster on its witness list. Doc. No. 86-2, at 2; Doc. No. 91, at 2. The Eleventh Circuit has upheld taxation of deposition costs of witnesses on the losing party's witness list. *W&O, Inc.*, 213 F.3d at 621.

Core also argues that the cost of a court reporter preparing exhibits as part of the deposition transcript is not taxable because the exhibits were prepared only for the convenience of counsel. While some courts have accepted that argument, they did so because the prevailing party did not address why preparation of the exhibits was necessary rather than merely for the convenience of

counsel.  *See, e.g., DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-61712-CIV, 2012 WL 1069166, at *3 (S.D. Fla. March 29, 2012) (and cases cited therein).  Other courts have found that exhibits to depositions are taxable costs because the exhibits were necessary for understanding and accurately preserving the testimony of the witnesses who were deposed.  *See, e.g., Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-cv-2446-T-27TBM, 2012 WL 5387830, at *19 (M.D. Fla. Nov. 2, 2012).  In this case, Crum & Forster asserts that preparing the exhibits to support the deposition transcript was necessary to understand and preserve the testimony of the deponents in this document intensive case.  Doc. No. 91, at 3.  Having reviewed many deposition transcripts over the years, I know that deposition testimony about a document is often unclear unless that document is included as an exhibit to the deposition transcript.  Therefore, I recommend that the Court find that the cost of the court reporter preparing the exhibits as part of the deposition transcript is taxable in this case.

For these reasons, I recommend that the Court find that $400.10 is a taxable cost for Ms. Reiss's deposition.

        2.        Deposition of John Wiseman.

Mr. Wiseman was the corporate representative of Core.  The costs of $539.94[1] sought by Crum & Forster include $236.22 in two-day expedited delivery fees, $19.40 in fees for 194 pages of exhibits, $5.00 in shipping fees (which Crum & Forster has now withdrawn) and a $5.00 fee for "Errata Compliance Delivery."  Doc. No. 86-1, at 8; Doc. No. 91, at 3.

Core objected first to the expedited delivery fee, contending that it was for the convenience of counsel.  Crum & Forster responds that it needed the transcript of Mr. Wiseman's deposition on an expedited basis for use at mediation held on July 22, 2015.  Doc. No. 91, at 3.  The record reflects that Crum & Forster filed a motion to compel Core to produce a Rule 30(b)(6) representative

---

[1] The amount sought accounts for the discounts reflected on the invoice.  Doc. No. 86-1, at 8.

on June 5, 2015.  Doc. No. 41.  The motion was denied without prejudice, Doc. No. 45, and Core agreed to produce Mr. Wiseman for a deposition on July 16, 2015, Doc. No. 91, at 3.  Mediation was held on July 24, 2015.  Doc. No. 64.  Courts have found that costs of expedited preparation of deposition transcripts are taxable when, as here, the opposing party delayed in producing the deponent and the transcript was needed for use at mediation.  *See Frasca v. NCL (Bah.) Ltd.*, No. 12-20662-CIV, 2014 WL 4206697, at *6 (S.D. Fla. Aug. 25, 2014).  I recommend that the Court follow the rationale of *Frasca* and find that the expedited preparation fee for this deposition transcript is taxable.

Core also objected to the fee for exhibits, in the amount of $19.40.  For the reasons set forth above, I recommend that the Court find that the fee for preparing exhibits to the deposition transcript is a taxable cost.

Finally, Core objected to the fees for shipping and delivery.  While Crum & Forster has withdrawn its request for taxation of the shipping fee, it has not withdrawn the $5.00 fee for "Errata Compliance Delivery."  It also has not explained why such a delivery fee was necessarily incurred in the case.  Accordingly, I recommend that the Court find that the "Errata Compliance Delivery" fee is not a taxable cost.  *See Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.*, No. 09-cv-7231, 2013 WL 147014, at *5 (N.D. Ill. Jan. 11, 2013).

Therefore, I recommend that the Court find that Crum & Forster is entitled to taxable costs related to Mr. Wiseman's deposition in the amount of $529.94.

3.     Deposition of Mr. Tuzzio.

Crum & Forster sought $118.75[2] in costs related to the deposition of Mr. Tuzzio. Doc. No. 86-1, at 10. Core objects only to the shipping fee of $5.00 for this deposition. Crum & Forster has withdrawn the request for the shipping fee. Doc. No. 91, at 4. Therefore, I recommend that the Court find that $113.75 is a taxable cost related to the deposition of Mr. Tuzzio.

C.     *Fees For Exemplification And The Costs Of Making Copies Of Any Materials Where The Copies Are Necessarily Obtained For Use In The Case.*

Crum & Forster seeks $66.15 for costs of making (1) copies of the fourth amended complaint in the underlying action ($16.94); (2) certified copies of two insurance policies ($48.02); and, (3) copies of the fifth amendment to lease and 2001 rent abstract ($1.19). Doc. No. 86-1, at 13-16. It represents that the fourth amended complaint was an exhibit to Mr. Tuzzio's deposition and that it was also listed as a trial exhibit. Copies of the insurance policies were first produced in response to a discovery request and copied a second time for use as exhibits at trial. The fifth amendment was produced as a supplement to Crum & Forster's initial disclosures. Doc. No. 86, at 4; Doc. No. 91, at 4-5. Core objects to all of these costs as not necessarily obtained for use in the case.

In determining whether copies were necessarily obtained for use in the case, rather than merely for the convenience of counsel, the Court should consider whether the party seeking costs reasonably believed that is was necessary to copy the pages at issue. *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09–cv–747–FtM–36SPC, 2011 WL 7092657, at *5 (M.D. Fla. Dec. 30, 2011), *adopted by* 2012 WL 220265 (M.D. Fla. Jan 25, 2012). Crum & Forster has adequately explained why the papers were copied. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the

---

[2] The amount sought accounts for discounts reflected on the invoice. Doc. No. 86-1, at 10.

Court's consideration are recoverable." *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (citing *Fressell v. AT & T Techs., Inc.,* 103 F.R.D. 111, 115–16 (N.D.Ga.1984)), *abrogated on other grounds by W&O, Inc.*, 213 F.3d 600.

For these reasons, I recommend that the Court find that $66.15 in copy costs are taxable.

D.      *Final Calculation Of Taxable Costs*.

If the Court accepts the recommendations above, the total amount of taxable costs are as follows:

| Fees for Service of Summons and Subpoenas | $105.00 |
|---|---:|
| Fees for Transcripts | $1,043.79 |
| Fees for Copies | $66.15 |
| **Total Taxable Costs** | **$1,214.94** |

## III.   RECOMMENDATION.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** and **DENY in part** Defendant Crum & Forster Specialty Insurance Company's Motion To Tax Costs (Doc. No. 86) and **AWARD** Crum & Forster Specialty Insurance Company $1,214.94 in taxable costs.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 21, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy